# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**FILED**

FEB -9 2012

WILLIAM B. GUTHRIE
Clerk U.S. District Court
By_____ Deputy Clerk

| | |
|---|---|
| **RODNEY T. FISHER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 11-155-RAW-KEW |
| ) | |
| **ANITA TRAMMELL, Warden,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, attacks his conviction and sentence in Pittsburg County District Court Case Number CF-2004-465 for Escape from a Penal Institution, After Conviction of Two or More Felonies.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The following dates are pertinent to the motion to dismiss:

| | |
|---|---|
| 08/28/2008 | Petitioner's direct appeal was affirmed in *Fisher v. State*, No. F-2007-512 (Okla. Crim. App. Aug. 28, 2008). |
| 11/26/2008 | Petitioner's conviction became final upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court. |
| 01/13/2010 | Petitioner filed an application for post-conviction relief in the Pittsburg County District Court. |
| 03/02/2010 | The state district court denied petitioner's application for post-conviction relief. |
| 05/11/2010 | The denial of petitioner's application for post-conviction relief was affirmed in *Fisher v. State*, No. PC 2010-0235 (Okla. Crim. |

                    App. May 11, 2010).
04/29/2011    Petitioner filed this petition for a writ of habeas corpus.

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

     Petitioner's conviction became final on November 26, 2008, when the 90-day period for a certiorari appeal to the United States Supreme Court expired. *See* Sup. Ct. R. 13. Pursuant to 28 U.S.C. § 2244(d)(1)(A), he had a deadline of November 26, 2009, for filing a federal habeas corpus petition. Because petitioner did not initiate his post-conviction proceedings until January 13, 2010, after expiration of the limitation period, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). This petition was untimely.

     Petitioner makes an unclear argument in his response to the motion to dismiss that the "time frame" was "reset" by the trial court's denial of his motion for a direct appeal out of time, and his appellate attorney failed to respond to his requests for a certiorari appeal to the

United States Supreme Court. He also presents an unsupported claim that the state district court forced him to refile his post-conviction application 90 days after his original October 2009 filing. According to petitioner, the state district court improperly failed to file his post-conviction *in forma pauperis* application, resulting in delayed post-conviction proceedings.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Here, the record shows petitioner was allowed a direct appeal out of time, and the court finds he has failed to show the State created an impediment to his proper filing of a post-conviction action. Furthermore, there is no evidence in the record to suggest he is actually innocent of the charges of which he stands convicted, or that uncontrollable circumstances impeded him from timely filing his federal claim. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket No. 8] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this \_\_9th\_\_ day of February 2012.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**